FILED
Jeffrey A. Apperson, Clerk
MAR 0 2 2010
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-176-H

DONNA WELLS &
TAMMY WELLS                                                    PLAINTIFFS

V.

RICHARD GRAHAM &                                               DEFENDANTS
BEN SHINN TRUCKING, INC.

## JURY INSTRUCTIONS

**Members of the Jury**, now that you have heard all of the evidence and the argument of the attorneys, it is my duty to give you instructions on the law applicable to this case.

It is your duty as jurors to follow the law stated in the instructions, and to apply it to the facts you find from the evidence. Do not single out one instruction alone as stating the law. Rather, consider the instructions as a whole. Do not let the wisdom of any rule of law concern you. You must apply the law in these instructions whether you agree with it or not.

Your primary duty is to determine the facts. In so doing, you must consider only the evidence I have admitted. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls. The statements, objections, and arguments of the lawyers are not evidence. What the lawyers have said is not binding upon you. You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

By telling you to consider the evidence, I do not mean to suggest that you must

necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given their testimony. You may measure the credibility of any witness by considering their demeanor on the witness-stand, their frankness or lack of it, and their interest in the outcome of the case, if any.

A witness may be discredited or impeached by contradictory evidence or by evidence that the witness said or did something, or failed to say or do something, at some other time, which is inconsistent with the witness' present testimony. If you believe any witness has been impeached, and thus discredited, you may determine the weight, if any, to give such a conclusion.

The rules of evidence permit a witness who by education and experience has become an expert in any art, science, or profession to state an opinion and the reasons for it. You should consider this evidence and give it such weight as you, in the application of your common sense, may think it deserves. If you conclude that the reasons supporting an opinion are not sound or that other credible evidence or expert opinions outweigh the opinion of a particular expert, then you may reject that opinion in whole or in part.

The number of witnesses testifying as to the existence or nonexistence of any fact does not, necessarily, determine the weight of the evidence. The quality and credibility of the evidence is usually more important in your deliberations.

In this case, Plaintiffs must persuade you that their claim is more likely true than not. If Plaintiffs fail to persuade you on every essential element of their claim, then you should find for Defendants on that claim.

# INSTRUCTION NO. 1

Plaintiffs assert that Defendant Richard Graham was negligent in operating his vehicle and that his negligence caused the accident between the parties. As a matter of law, all persons driving a vehicle have a duty to exercise ordinary care in the operation of that vehicle. "Ordinary care" is defined as the degree of care that a reasonable and prudent person would exercise under the same or similar circumstances. In deciding whether a person has exercised ordinary care, you must consider what the person knew or should have known and the harm that the person should have reasonably foreseen resulting from their activity.

For Plaintiffs to succeed on this negligence claim, Plaintiffs must prove each of the following elements is more likely true than not:

(1) Mr. Graham failed to use ordinary care in the operation of his vehicle; and

(2) Mr. Graham's failure to use ordinary care was a substantial factor in causing the accident.

**Question No. 1: Do you believe that Plaintiffs have proven each of these two elements of their negligence claim?** Indicate your answer, either yes or no, on the Verdict Form under Question No. 1. If you answer yes, proceed to Instruction No. 2. If you answer "no," sign and date the Verdict Form and return to the courtroom.

# INSTRUCTION NO. 2

Defendants assert that Donna Wells was also negligent in operating her vehicle and that her negligence, at least in part, caused the accident. Donna Wells was under a duty to exercise ordinary care while operating her vehicle. The definition of "ordinary care" is the same for this instruction as Instruction No. 1.

To succeed on this defense, Defendants must prove each of the following elements is more likely true than not:

(1) Donna Wells failed to use ordinary care in the operation of her vehicle; and

(2) Donna Wells' failure to use ordinary care was a substantial factor in causing the accident.

**Question No. 2A: Do you believe that Defendants have proven each of these two elements?** Indicate you answer, either yes or no, on the Verdict Form under Question No. 2A. If you answer "yes" to Question No. 2A, you must determine what percentage of the total fault is attributable to Donna Wells' negligence and what percentage is attributable to Richard Graham's negligence. Enter those percentages, totaling 100%, on the Verdict Form under Question No. 2B and proceed to Instruction No. 3. If you answer "no" to Question No. 2A, proceed directly to Instruction No. 3.

# INSTRUCTION NO. 3

You must now determine the amount of compensatory damages, if any, each Plaintiff suffered as a result of the accident. Compensatory damages are simply the amount of money necessary to fairly and reasonably compensate each Plaintiff for the harm caused by the accident. For the damages to have been caused by the accident, the accident must have been a substantial factor in bringing about the damages.

The amount of the damages may not be based on sympathy or speculation, but must be based solely on the evidence presented at trial. Compensatory damages may not be used as a form of punishment. In reaching your decision regarding compensatory damages, you should award damages only for the following reasons:

(1) Reasonable and necessary medical expenses for medical services you believe Plaintiff has incurred or is reasonably certain to incur hereafter as a direct result of her injuries caused by the accident;

(2) Past and future emotional and physical pain resulting from the accident; and

(3) For Plaintiff Tammy Wells only, loss or impairment of her power to earn money in the future caused by the accident.

You must determine compensatory damages with respect to each Plaintiff individually. You are to determine the total damages caused by the accident without regard to your answers to Question No. 2.

**Question No. 3: What are each Plaintiff's compensatory damages, if any, caused by the accident?** Indicate your answer on the Verdict Form in the spaces provided under Question No. 3, sign and date the Verdict Form and return to the courtroom.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reach an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and even change your opinion, if you become convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select someone to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in the Verdict Form with respect to each issue on which you unanimously agree. The foreperson will then date the form and sign it with his or her name and jury number. You will then return to the courtroom with your verdict.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-176-H

DONNA WELLS &     PLAINTIFFS
TAMMY WELLS

V.

RICHARD GRAHAM &     DEFENDANTS
BEN SHINN TRUCKING, INC.

## VERDICT FORM

Question No. 1: Negligence of Richard Graham

    Yes    _____

    No    _____


Question No. 2A: Negligence of Donna Wells

    Yes    _____

    No    _____


Question No. 2B: Allocation of Fault

    Donna Wells:    _____%

    Richard Graham:    _____%

    Total:    __100__ %

Question No. 3: Damages

    Donna Wells:

        Medical Expenses:    $ _____ (not to exceed $27,377.43)

        Pain and Suffering:    $ _____ (not to exceed $100,000.00)

    Tammy Wells:

        Medical Expenses:    $ _____ (not to exceed $10,183.47)

        Pain and Suffering:    $ _____ (not to exceed $100,000.00)

        Future Earnings:    $ _____ (not to exceed $93,683.00)


_____                                                        _____

DATE                                                                           FOREPERSON
                                                                                     JUROR NO. _____